NO. 07-01-0459-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 17, 2002

_____


JULIUS FARMER SANDERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____


FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 41,839-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant was convicted by a jury of possession of marihuana and punishment was assessed by a jury at two years confinement in a state jail facility and a $10,000 fine. By two issues, appellant questions whether (1) the State is required to claim its informer privilege in order to initiate a hearing pursuant to Rule of Evidence 508(b) and (2) the trial court abused its discretion in denying his motion to require disclosure of the confidential

informant's testimony where the State did not invoke its informer privilege pursuant to Rule 508(b). Based upon the rationale expressed herein, we affirm.

Appellant does not challenge the sufficiency of the evidence; thus, only a brief recitation of the facts is necessary. Pursuant to a search warrant based upon information from a credible confidential informant, Officer David Ponce, a narcotics agent with the Amarillo Police Department, executed a search warrant of a residence under appellant's control. Ponce discovered an "identifier," *i.e.*, an envelope addressed to appellant bearing the address of the residence to be searched as well as marihuana. Expert testimony established that 195.01 grams were found.

By his two issues, appellant asserts the State did not claim its informer privilege pursuant to Rule 508(b) of the Texas Rules of Evidence and by his second issue contends the trial court abused its discretion in denying his motion to require disclosure of the confidential informer's identity because the State did not invoke the informer's privilege. Considering these two issues together, we disagree. Rule 508(a) extends a qualified privilege to the United States or a state or subdivision thereof to refuse to disclose the identity of a person who furnished information or assisted in an investigation of a possible crime. Subsection (b) provides:

> **(b) Who May Claim.** The privilege may be claimed by an appropriate representative of the public entity to which the information was furnished, except the privilege shall not be allowed in criminal cases if the state objects.

2

Although the State or prosecuting attorney may veto assertion of the privilege by another public entity, the privilege afforded by Rule 508(a) extends to the United States or a state or subdivision thereof. Further, the privilege may be claimed only by a representative of the public entity which received the information, in this instance, Officer Ponce as a representative of the Amarillo Police Department. *See* 2A Steven Goode, Olin Guy Wellborn, III, and M. Michael Sharlot, *Courtroom Handbook on Texas Evidence* 352 (Texas Practice 2002).

Rule 508 does not prescribe a specific procedure for assertion of the privilege. Indeed, it does not require that the privilege be claimed in writing nor by motion for protective order, motion in limine, nor otherwise, and appellant cites no authority setting forth a specific procedure for asserting the privilege. At the pretrial hearing on appellant's motion to disclose the confidential informant's identity, Officer Ponce, as "representative of the public entity to which the information was furnished," testified that he did not want the identity of his confidential informant disclosed for safety reasons. The search warrant also recited, "[t]he affiant [Officer Ponce] does not wish to reveal the identity of the confidential informant for the protection and safety of the confidential informant." Based on our review of the record, we conclude Officer Ponce sufficiently claimed the informer privilege and thus, the trial court did not abuse its discretion in denying appellant's motion to disclose the identity of the informer. Appellant's first and second issues are overruled.

Accordingly, the judgment of the trial court is affirmed.

3

Don H. Reavis
Justice

Do not publish.